[Civ. No. 52770. First Dist., Div. One. Jan. 28, 1982.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent, v.
JACK HARRIS et al., Defendants and Appellants.

**COUNSEL**

Ted R. Frame and Frame & Courtney for Defendants and Appellants.

Richard G. Rypinski, Thomas A. Carroll and Charles E. Spencer, Jr., for Plaintiff and Respondent.

**OPINION**

SIMS, J.*—Appellants, the owners and operators of 20,000 acres of farmland have appealed from a judgment finding that a portion of a

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

sign located on their premises is a public nuisance and ordering them to remove a portion of that sign.*

The action is predicated upon the provisions of the California Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.) prohibiting billboards within 660 feet of the right of way of a federal aid primary highway. (1) It is well established that an action by the Department of Transportation to abate a sign erected or maintained in violation of that act as a nuisance is a proper remedy. (See *People* ex rel. *Dept. Pub. Wks.* v. *Golden Rule Church Assn.* (1975) 49 Cal.App.3d 773, 777 [122 Cal.Rptr. 596]; *People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers* (1973) 35 Cal.App.3d 507, 509-512 [110 Cal.Rptr. 849].) The United States Supreme Court, in the recent plurality opinion of *Metromedia, Inc.* v. *San Diego* (1981) 453 U.S. 490 [69 L.Ed.2d 800, 101 S.Ct. 2882] has recognized the governmental right to control advertising signs for aesthetic reasons as is provided in the federal Highway Beautification Act of 1965. (Pub.L. No. 89-285, 79 Stat. 1028, 23 U.S.C. § 131; 453 U.S. at p. 510 [69 L.Ed.2d at p. 816, 101 S.Ct. at p. 2894], fn. 16 and accompanying text.) The provisions in the state law are designed to accommodate the federal statute in order to qualify for federal aid.

Appellants contend generally that the trial court incorrectly applied the Outdoor Advertising Act to the agreed facts. More particularly they assert that the sign is not maintained for outdoor advertising purposes, and that even if it is maintained for advertising purposes, it simply identifies the Harris Ranch as a whole. They claim the trial judge erred in finding that the only inference that may be drawn from the lettering on the sign is that it is meant to refer to their restaurant. An examination of the applicable law and the facts in the agreed statement leads us to conclude the trial court's findings and conclusions are sustained, and the judgment should be affirmed.

---

*The judgment refers collectively to "defendants." The appeal is by Jack Harris, Ann Harris and Harris Farms, Inc., a corporation. The record reflects that Jack Harris is and was the president of the corporation, and that the premises, the structure on which the sign is located and a restaurant on the premises, are all owned and operated by the corporation. There is nothing in the record to reflect that the defendant Ann Harris is involved with the sign, other than controverted allegations of the complaint that are not sustained by the agreed statement. The judgment should be reversed as to her.

The matter having been submitted on an agreed statement, this court is not bound by the findings below, but must determine the applicability of the statute to the stipulated and uncontradicted facts. (*Cohon v. Dept. Alcoholic Bev. Control* (1963) 218 Cal.App.2d 332, 338 [32 Cal.Rptr. 723]; *Bank of America v. State Bd. of Equal.* (1962) 209 Cal.App.2d 780, 793 [26 Cal.Rptr. 348].)

The agreed statement reflects: Harris Farms, Inc. farms approximately 20,000 acres of farm land, runs livestock on several thousand acres of grazing land, operates a commercial cattle feedyard with a capacity of approximately 100,000 head, operates a cotton gin through a subsidiary company, and operates a restaurant. The operations as a whole are commonly known as the "Harris Ranch."

The sign involved in this case reads as follows: "Harris Ranch 7 Miles." The sign is on a water tank. The tank is owned by Harris Farms, Inc. and it is on property owned by that corporation. The water tank was erected and placed in its current location before November 1967 when the construction of Interstate Route 5 was completed. The "Harris Ranch 7 Miles" sign was painted on the water tank after November 1967.

The tank and the sign it bears are located within 660 feet of the west edge of the right of way of Interstate Route 5, and the sign is visible from that interstate freeway. The tank and sign are situated in an agriculturally zoned area that does not primarily permit commercial or industrial activity. There are no commercial or industrial buildings or activities within 1,000 feet of the sign.

Seven miles south of the location of the sign, Interstate Route 5 is intersected by state highway 198. At the southeast gore formed by that intersection, Harris Farms, Inc. owns and operates the Harris Ranch Restaurant on property which is a part of the general "Harris Ranch."

No permit for the sign was ever applied for or granted under the provisions of the Outdoor Advertising Act. The Department claims the sign violates the provisions of that act, and no permit could issue in any event. It has demanded the removal of the copy "7 Miles" from the sign, and defendant Harris Farms, Inc. as owner of the sign has refused to remove it.

It has been stipulated that if Jack A. Harris were called as a witness, he would testify that the sign is not maintained by Harris Farms, Inc. for outdoor advertising purposes; that the only purpose of the sign is to identify the ranch as a whole; that the owner is not advertising anything; and that it is only identifying its property.

## I

In reliance on the stipulation last referred to, appellants contend that the court erred in failing to find that the sign was not an advertising display because there is no evidence to rebut the testimony of Mr. Harris.

It is true that a stipulation as to the testimony of a witness *may* furnish evidence which will support a finding in conformance with that testimony. (*LeVanseler* v. *LeVanseler* (1962) 206 Cal.App.2d 611, 613 [24 Cal.Rptr. 206]; *O'Hare* v. *Peacock Dairies, Inc.* (1941) 42 Cal. App.2d 788, 793 [110 P.2d 90].) In this case the trial court concluded that the sign constituted an advertising display under the Outdoor Advertising Act; that the display as a whole was not exempted as an onpremises display under that act; that the display was maintained for outdoor advertising purposes within the meaning of that act in that it alerts motorists that the owner of the sign maintains a public facility seven miles from the display; and that the portion of the display reading "7 Miles" was in violation of the act.

The question here is not the subjective intent of the owner's chief executive officer but the conclusion to be drawn from the objective facts. The purpose of the sign and the question of whether the sign advertises anything or merely identifies the owner's property are to be determined from reading the text of the sign in the light of the existing physical circumstances. Mr. Harris' testimony is in no way conclusive of the question at issue.

## II

"Advertising display" refers to advertising structures and to signs. Business and Professions Code section 5203 reads: "'Advertising structure' refers to a structure of any kind or character erected or maintained for outdoor advertising purposes, upon which any poster, bill, printing, painting or other advertisement of any kind whatsoever

may be placed, including statuary, for advertising purposes . . . ." Section 5221 reads in pertinent part: "'Sign' refers to any card, cloth, paper, metal, painted or wooden sign of any character placed for outdoor advertising purposes, on or to the ground or any tree, wall, bush, rock, fence, building, structure or thing, either privately or publicly owned, other than an advertising structure."

Section 5225 provides: "The verb, 'to place' and any of its variants, as applied to advertising displays, includes the maintaining and the erecting, constructing, posting, painting, printing, tacking, nailing, gluing, sticking, carving or otherwise fastening, affixing or making visible any advertising display on or to the ground or any tree, bush, rock, fence, post, wall, building, structure or thing."

Section 5272 states: "With the exception of the provisions contained in Article 4 (commencing with Section 5300) and Article 7 (commencing with Section 5400) of this chapter, nothing contained in this chapter applies to any advertising display used exclusively: [¶] (a) To advertise the sale or lease of the property upon which such advertising display is placed. [¶] (b) To designate the name of the owner or occupant of the premises or to identify such premises. [¶] (c) To advertise the business conducted or services rendered or the goods produced or sold upon the property upon which such advertising display is placed if the display is upon the same side of the highway and within 800 feet of the point on the property or within 800 feet of the entrance to the site at which the business is conducted or services are rendered or goods are produced or sold."

The People recognize that the words "Harris Ranch," if appearing alone, fall within the exception set forth in subdivision (b) of section 5272 because they designate the name commonly used by the owner and occupant of the premises and identify it. They contend that the addition of the words "7 Miles," whether so designed or not, immediately calls the viewer's attention to the fact something awaits him seven miles down the road. Webster's Seventh New Collegiate Dictionary (1970 ed.) defines "advertising" on page 14 as: "The action of calling something to the attention of the public esp. by paid announcements." The wording of the sign when coupled with the operation and maintenance of the "Harris Ranch Restaurant" seven miles down the road sustains the trial court's inference that the sign is meant to and does alert the

motorist that the Harris Ranch maintains a facility catering to the public which will be reached in seven miles.

### III

The department as the moving party has the burden of establishing that it is entitled to judgment. (*People* ex rel. *Dept. of Transportation* v. *Desert Outdoor Advertising, Inc.* (1977) 68 Cal. App.3d 440, 446 [137 Cal.Rptr. 221]; *People* ex rel. *Dept. of Transportation* v. *Hadley Fruit Orchards, Inc.* (1976) 59 Cal.App.3d 49, 57 [130 Cal.Rptr. 287]; see also Evid. Code, § 520; *Rylander* v. *Karpe* (1976) 60 Cal.App.3d 317, 322 [131 Cal.Rptr. 415]; cf. *State of California* v. *City and County of San Francisco* (1979) 94 Cal.App.3d 522, 531-532 [156 Cal.Rptr. 542].)

Appellants urge that the trial court's factual inferences cannot stand because there is no proof that the restaurant existed at the time the lettering was placed on the tank in 1967. The intent in 1967 is immaterial. At the time the suit was filed the sign was maintained for what is objectively an outdoor advertising purpose. Their argument that the sign fails to mention the nature of one of the many facilities owned and operated by "Harris Ranch" that is located seven miles down the road does not cure the inference that attention is being called to the fact that some business is conducted or some service is rendered seven miles southerly off the highway.

We are mindful that the existence of the words "7 Miles" on the water tank is a small intrusion on "the public safety, health, welfare, convenience and enjoyment of public travel," nor do they materially threaten the stated public aims "to protect the public investment in ... highways, to preserve the scenic beauty of lands bordering on such highways, and to insure that information in the specific interest of the traveling public is presented safely and effectively." (See Bus. & Prof. Code, § 5226.) Nevertheless, if appellants' contentions were sustained the property owner would be able to deck his structures and fence posts with mileage signs directing the motorist to anonymous but well established facilities for the traveling public. We forbear from furnishing an opening wedge for a return of the picturesque days when a "Burma Shave" ad decked every farmer's fence post, and "Lydia Pinkham" painted his barn.

The judgment is affirmed except as to the appellant Ann Harris and reversed as to her.

Racanelli, P. J., and Elkington, J., concurred.