[Civ. No. 29790. Fourth Dist., Div. Two. May 2, 1984.]

DEAN W. KNIGHT & SONS, INC., Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA ex rel.
DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.

COUNSEL

Kenney L. Scruggs for Plaintiff and Appellant.

Robert F. Carlson, John B. Matheny, Gordon S. Baca, Melvin R. Dykman and Ruby A. Theophile for Defendant and Respondent.

OPINION

**KAUFMAN, J.**—Dean W. Knight & Sons, Inc. (appellant) appeals from a summary judgment in favor of the People of the State of California acting by and through the Department of Transportation (Caltrans). The dispute involves the legality under California's Outdoor Advertising Act (Bus. & Prof. Code, § 5200 et seq.) (the Act) of an outdoor advertising display constructed by appellant in an unincorporated area of Bishop in the County of Inyo. All statutory references will be to the Business and Professions Code unless otherwise specified.

The display was constructed by appellant on or about February 23, 1981, within the right-of-way of Reynolds Road and within 660 feet of State Route 395 at their intersection north of Big Pine.

The Inyo County Board of Supervisors gave approval to appellant for construction of the display on December 16, 1980, and on February 18, 1981, the Director of the Inyo County Road Department issued to appellant an encroachment permit for construction of the display. The permit was issued with written instructions to appellant to contact Caltrans concerning the requirements for a state permit before proceeding with installation of the display. Nevertheless, appellant proceeded to construct the display without having obtained a state outdoor advertising permit.

The display consisted of a permanent structure of 600 square feet, supported by five 18 feet x 20 feet telephone poles embedded in concrete, and covered with a 12 feet x 32 feet plywood display panel with the support structure covered by artificial brick. The display indicated that access was provided by Reynolds Road, an Inyo County road, to Knight Manor Swimming and Tennis Club, Cocktails and Dining—one-fourth mile; Rolling Green Terrace—one-half mile; County Sanitorium—one mile. Knight Manor is a commercial enterprise owned by appellant consisting of a swimming and tennis club, a cocktail and dining lounge and a housing subdivision. Rolling Green Terrace is a housing subdivision.

On March 19, 1981, Caltrans informed appellant in writing that it had issued a citation for the display because it was constructed without a state permit and was in several other respects in violation of the Act and requested its removal within 10 days. Appellant did not remove the structure; rather, on June 12, 1981, appellant filed this action for preliminary and permanent injunctions and declaratory relief.

A preliminary injunction was issued restraining Caltrans from removing the display pendente lite. Thereafter both sides moved for summary judgment and the motion of Caltrans was granted. Summary judgment was entered accordingly, effectively vacating the preliminary injunction, and thereafter, Caltrans caused the display to be removed.

This appeal followed. ▉▉ On appeal appellant contends in essence that because the size, location and content of the display had been approved by the Inyo County Board of Supervisors as an informational/directional display pursuant to the Scenic Highway Element of the Inyo County General Plan, the display was exempt from the requirements of the Act. ▉▉ From a procedural standpoint appellant also contends that a triable issue of fact is presented as to whether or not its advertising display constituted an exempt "directional, warning or information" structure. Neither contention is well taken.

The scheme of the California Outdoor Advertising Act is readily apparent. It purports to regulate on a statewide basis and establish comprehensive minimum standards for outdoor advertising displays adjacent to or visible from interstate highways consistent with the federal Highway Beautification Act of 1965 (Pub.L. No. 89-285 [79 Stat. 1028, 23 U.S.C. § 131]) and the federal regulations promulgated from time to time by the Secretary of Transportation of the United States pursuant to United States Code title 23, section 131 (c). (See §§ 5214, 5227, 5228, 5229, 5230, 5251, 5405, subd. (a)(1) and 5419.) The provisions in the state act are designed to accommodate the federal statute in order to qualify for federal aid. (See § 5416; *People* ex rel. *Dept. of Transportation* v. *Harris* (1982) 128 Cal.App.3d 264, 267 [180 Cal.Rptr. 148].)

Section 5202 states: "'Advertising display' refers to advertising structures and to signs." Section 5350 provides: "No person shall place any advertising display within the areas affected by the provisions of this chapter in this state without first having secured a written permit from the director or from his authorized agent." Section 5209 reads: "'Director' refers to the Director of Transportation of the State of California."

Section 5203 defines "Advertising structure" as "a structure of any kind or character erected or maintained for outdoor advertising purposes . . . ." However, it also provides " 'Advertising structure' does not include: . . . (c) Directional, warning or information structures required by or authorized by law or by federal, state or *county authority.*" (Italics added.)

 It is appellant's contention that the County of Inyo authorized the construction of his advertising display as a "directional, warning or information structure" as permitted by subdivision (c) of section 5203 and that pursuant to section 5203 it is not an "Advertising structure" subject to regulation under the Act. Not so.

In section 5228 it is declared to be the intent of the Legislature in enacting the provisions of the California Outdoor Advertising Act to establish minimum standards. In section 5227 the Legislature has expressed its intention of occupying the whole field of regulation by the provisions of the Act "except that nothing in this chapter prohibits enforcement of any or all of its provisions by persons designated so to act by appropriate ordinances duly adopted by any county of this state nor does anything prohibit the passage by any county of reasonable land use or zoning regulations affecting the placing of advertising displays . . . ." Section 5230 authorizes the governing body of any city, county, or city and county to enact ordinances imposing restrictions on advertising displays adjacent to any street, road, or highway *equal to or greater than* those imposed by the Act. However, section 5229 mandates: "The provisions of this chapter shall not be construed to permit a person to place or maintain in existence on or adjacent to any street, road or highway, including any interstate or state highway, any outdoor advertising *prohibited by law* or by any ordinance of any city, county or city and county." (Italics added.) Prohibited by law refers to, of course, prohibitions under either the state or federal acts.

Indeed, section 5405 reads in pertinent part as follows: "Notwithstanding any other provision of this chapter, no advertising display shall be placed or maintained within 660 feet from the edge of the right-of-way of, and the copy of which is visible from, any interstate or primary highway other than the following: [¶] (1) Directional or other official signs or notices that are required or authorized by law, including, but not limited to, signs pertaining to natural wonders, scenic and historical attractions, and *which comply with regulations which shall be promulgated by the director* relative to their lighting, size, number, spacing and such other requirements as may be appropriate to implement this chapter, *which regulations shall not be inconsistent with such national standards as may be promulgated from time to time by the Secretary of Transportation of the United States* pursuant to

subdivision (c) of Section 131 of Title 23 of the United States Code." (Italics added.)

Both federal and state regulations have been promulgated defining what is meant by the term directional sign, and appellant's display qualifies under neither the federal nor state regulations. One part of the federal regulations (23 C.F.R. § 750.153) reads in pertinent part: "(r) Directional signs means signs containing directional information about public places owned or operated by Federal, State, or local governments or their agencies; publicly or privately owned natural phenomena, historic, cultural, scientific, educational, and religious sites; and areas of natural scenic beauty or naturally suited for outdoor recreation, deemed to be in the interest of the traveling public."

Another portion of the federal regulations (23 C.F.R. § 750.154 (f)) reads in pertinent part: "(1) Privately owned activities or attractions eligible for directional signing are limited to the following: natural phenomena; scenic attractions; historic, educational, cultural, scientific, and religious sites; and outdoor recreational areas.

"(2) To be eligible, privately owned attractions or activities must be nationally or regionally known, and of outstanding interest to the traveling public. . . ."

The state regulations mirror the federal regulations. California Administrative Code, title 4, section 2451, provides in relevant part: "(f) 'Private directional signs' means signs containing directional information about privately owned natural phenomena; scenic attractions; historic, educational, cultural, scientific and religious sites; and outdoor recreational areas. Such privately owned attractions or activities must also be nationally or regionally known, and of outstanding interest to the traveling public."

■ Regulations properly promulgated by the agency charged with administration of a federal statute are as much a part of federal law as the statute itself. (*Fidelity Federal Sav. & Loan Assn.* v. *De la Cuesta* (1982) 458 U.S. 141, 153-154 [73 L.Ed.2d 664, 675, 102 S.Ct. 3014].)

■■ The undisputed facts establish that appellant's advertising display was not exempt from regulation under the Act as a directional/informational structure notwithstanding the fact it was authorized and approved as such by the County of Inyo. ■ It is elementary that the construction of a statute and the question of whether it is applicable present solely questions of law. (*Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630];

*Killian* v. *City and County of San Francisco* (1978) 77 Cal.App.3d 1, 7 [143 Cal.Rptr. 430]; see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 210, p. 4201.) ▮ The trial court correctly concluded that the California Outdoor Advertising Act was applicable and that appellant's advertising display was in violation of the Act. ▮ The sole question before the court being one of law, the summary judgment was properly granted. (See *People* ex rel. *Mosk* v. *City of Santa Barbara* (1961) 192 Cal.App.2d 342, 349 [13 Cal.Rptr. 423]; *State Medical Education Bd.* v. *Roberson* (1970) 6 Cal.App.3d 493, 499 [86 Cal.Rptr. 258].)

The judgment is affirmed.

Morris, P. J., and McDaniel, J., concurred.