[No. C003962. Third Dist. Jan. 22, 1990.]

LEWIS LEE NEIGHBOURS, Plaintiff and Appellant, v.
BUZZ OATES ENTERPRISES, Defendant and Respondent.

326

**COUNSEL**

Dale E. Ordas and Ordas, Ordas & Timmons for Plaintiff and Appellant.

Peter A. Meshot, Porter, Scott, Weiberg & Delehant for Defendant and Respondent.

**OPINION**

**SCOTLAND, J.**—Plaintiff Lewis Lee Neighbours appeals from a judgment dismissing his personal injury action against defendant Buzz Oates Enterprises after the trial court granted defendant's motion for summary judgment.

The sole issue presented in this appeal is whether, under Labor Code section 2750.5,[1] an unlicensed subcontractor is conclusively presumed to be an employee of the general contractor rather than an independent contractor when the subcontractor, although unlicensed, is insured for workers' compensation coverage. The status of such a subcontractor

---

[1] All statutory references are to the Labor Code unless otherwise indicated.

determines whether its employee who is injured on the job can bring an action in tort against the general contractor (§ 3852) or is limited to a workers' compensation claim. (§§ 3600, 3601, 3602.)

We conclude that the conclusive presumption of employee status set forth in section 2750.5 applies to *any* unlicensed subcontractor, whether or not the unlicensed subcontractor is independently insured for workers' compensation coverage. Thus, the injured employee of an insured, unlicensed subcontractor is the employee of the principal contractor (*Blew* v. *Horner* (1986) 187 Cal.App.3d 1380, 1389 [232 Cal.Rptr. 660]) and may not bring a personal injury action at law against the principal contractor, except under the limited circumstances set forth in section 3602, subdivision (b).[2]

## DISCUSSION

The facts are undisputed. Plaintiff was injured while working on a construction site owned by defendant. In addition to owning the site, defendant was general contractor for the project and had contracted with Jerrich's Roofing (Jerrichs), which in turn contracted with Richard's Roofing (Richards), for roofing construction. Richards hired plaintiff as a roofer. While so employed, plaintiff fell from one of the structures, sustaining serious injuries. At the time of the accident, neither Richards nor Jerrichs held a valid contractor's license; however, both Richards and defendant were insured for workers' compensation coverage.

Plaintiff filed a personal injury action against defendant alleging causes of action for premises liability, general negligence and peculiar risk. The trial court granted defendant's motion for summary judgment and dismissed the action on the ground that workers' compensation was plaintiff's sole remedy because, under section 2750.5, Richards and, consequently, plaintiff were defendant's employees.

In asserting error, plaintiff claims that the conclusive presumption of section 2750.5 applies only to a contractor who is both unlicensed and

---

[2] Section 3602, subdivision (b) sets forth the following exceptions to the exclusive remedy of workers' compensation for an employee's industrial injury:

"(1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer.

"(2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer.

"(3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person."

uninsured for workers' compensation coverage. On this premise, plaintiff argues that, since Richards had workers' compensation insurance, Richards's status as an employee or independent contractor is a question of fact, unsuitable for determination on a summary judgment motion. We disagree.

■ "It is elementary that the construction of a statute and the question of whether it is applicable present solely questions of law. [Citation.]" (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44].) When "the sole question is one of law, that question may appropriately be determined on a motion for summary judgment. [Citations.]" (*Jones-Hamilton Co.* v. *Franchise Tax Bd.* (1968) 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].) "In assessing the validity of an order granting summary judgment, we independently review the trial court's decision, ruling de novo on questions of law. . . ." (*Korens* v. *R. W. Zukin Corp.* (1989) 212 Cal.App.3d 1054, 1057-1058 [261 Cal.Rptr. 137].)

■ Section 2750.5 commences with the following language: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code [e.g., a contractor's license], or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." After setting forth factors which constitute proof of independent contractor status to rebut the aforesaid presumption, section 2750.5 provides: "any person performing any function or activity for which a [contractor's] license is required . . . shall hold a valid contractor's license as a condition of having independent contractor status."[3]

---

[3] In its entirety, section 2750.5 provides that: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors: [¶] (a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for. [¶] (b) That the individual is customarily engaged in an independently established business. [¶] (c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license

■   The language of section 2750.5 could not be clearer. "[T]he plain meaning of the penultimate paragraph of section 2750.5 . . . *conditions* a finding of independent contractor status as to a person performing services for which a contractor's license is required upon possession by that person of a valid license." (*Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 1033, 1038 [195 Cal.Rptr. 564].) "[B]y stating that a license is a condition of the status, the Legislature has unequivocally stated that the person lacking the requisite license may not be an independent contractor." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146].) "Thus, if one performs work on a construction job for which a license is required, without holding a valid license, one is by definition an employee, not an independent contractor, pursuant to section 2750.5." (*Fillmore* v. *Irvine* (1983) 146 Cal.App.3d 649, 656 [194 Cal.Rptr. 319]; see also *S. G. Borello & Sons, Inc.* v. *Department of Industrial Relations* (1989) 48 Cal.3d 341, 352, fn. 6 [256 Cal.Rptr. 543, 769 P.2d 399]; *Nick Hagopian Drywall* v. *Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767, 771 [251 Cal.Rptr. 455].)

Under the plain meaning of section 2750.5, any unlicensed subcontractor is the employee of the general contractor; consequently, as a matter of law, the employee of an unlicensed subcontractor is the employee of the principal contractor. (*Blew* v. *Horner, supra,* 187 Cal.App.3d at p. 1389: "[A]mong the consequences which flow from a determination that a person is an employee rather than an independent contractor is that an employer-employee relationship exists between the hirer of the employee and those whom the employee has hired to do the hirer's work.")

Since the employee of an unlicensed contractor is the employee of the principal contractor as a matter of law, workers' compensation is, with limited exceptions, this employee's exclusive remedy against the principal contractor when the employee is injured on the job. (§§ 3600, 3601, 3602.)[4]

---

pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract. [¶] In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status. [¶] For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

   [4] It is well established that section 2750.5 applies for the purpose of determining a contractor's status in workers' compensation cases. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at pp. 11-15; *Nick Hagopian Drywall* v. *Workers' Comp. Appeals Bd., supra,* 204 Cal.App.3d at p. 771.)

Section 2750.5's conclusive presumption of employee status for an unlicensed contractor, and by extension its employees, is dependent upon only one factor—failure to secure the requisite license. Nevertheless, plaintiff urges us to ignore the plain language of this statute and rewrite the conclusive presumption, imposing an additional requirement: the unlicensed contractor's failure to secure workers' compensation insurance coverage. Stated another way, plaintiff contends that the conclusive presumption of section 2750.5 should apply only to a contractor who is both unlicensed *and* uninsured for workers' compensation coverage.

Plaintiff argues that this statutory construction is necessary and justified because applying the plain meaning of section 2750.5 to deem him defendant's employee creates an "anomalous result" not intended by the Legislature and repugnant to the general purview of the Workers' Compensation Act. (Cf. *Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317].)

According to plaintiff, providing defendant immunity from tort liability when the unlicensed subcontractor was insured contravenes the legislative purpose of the workers' compensation system in the following way: (1) the purpose of section 2750.5 is to "promote the greatest possible workers' compensation coverage" to ensure that a source exists from which an injured worker can obtain workers' compensation benefits; (2) this objective was fulfilled in this case because Richards, the unlicensed subcontractor, was insured; (3) under Insurance Code section 11663, Richards (actually Richards's insurer) is solely liable for the entire cost of compensation because plaintiff was on Richards's payroll at the time of injury;[5] (4) since, under Insurance Code section 11663, defendant would have no liability for workers' compensation benefits, defendant would receive a "windfall" from a grant of immunity from liability at law; (5) this "windfall" would contravene the purpose of section 2750.5 because this section is intended to promote workers' compensation coverage and protect the public against unlicensed contractors, "not to create a shield with which to thwart the policy it is supposed to promote"; therefore (6) under section 3852, which authorizes an injured worker to maintain a civil action for damages against persons other than his employer,[6] plaintiff should be able to pursue an action at law

---

[5] Insurance Code section 11663 provides: "As between insurers of general and special employers, one which insures the liability of the general employer is liable for the entire cost of compensation payable on account of injury occurring in the course of and arising out of general and special employments unless the special employer had the employee on his or her payroll at the time of injury, in which case the insurer of the special employer is solely liable. For the purposes of this section, a self-insured or lawfully uninsured employer is deemed and treated as an insurer of his or her workers' compensation liability."

[6] In its entirety, section 3852 provides: "The claim of an employee, including, but not limited to, any peace officer or firefighter, for [workers'] compensation does not affect his or her

against defendant, who was plaintiff's employer only by a "fiction" of law which is unnecessary to protect plaintiff because he already will receive workers' compensation coverage from his true employer, Richards.

In essence, plaintiff's argument boils down to the assertion that defendant should not be permitted to receive the benefit of the workers' compensation system (i.e., immunity from an action at law) *without paying the price therefor* (i.e., being responsible for the workers' compensation benefits paid to the injured employee). A similar argument was rejected in *Blew* v. *Horner, supra,* 187 Cal.App.3d 1380, a case in which an injured worker contested the loss of his right to sue the general contractor in tort due to the conclusive presumption of section 2750.5. In *Blew,* the employee worked for an unlicensed subcontractor who did not carry workers' compensation insurance. Akin to the argument before us, the worker complained that the principal contractor got the benefit of the workers' compensation system without having to pay the price because the worker already had collected from the Uninsured Employers Fund. Unpersuaded by the worker's position, the *Blew* court remarked: "Plaintiff argues that in effect he is being punished for [the subcontractor's] failure to obtain a license. He states that under the facts of this case he gains no advantage from being defendant's employee, because . . . plaintiff has already received compensation from the Uninsured Employers Fund. [Citation.] According to plaintiff the sole result of a determination that he was also defendant's employee is that he is unable to sue defendant for negligence. [¶] Plaintiff's argument ignores the purpose underlying workers' compensation. '[T]he whole theory of the Workmen's Compensation Act is to put a burden in limited amounts upon employers for all industrially caused injuries and deaths regardless of fault, and concomitantly to take from employees . . . the right of recovering any greater amounts even though the injury . . . is tortiously caused by the employer. It is inherent in this system that the statutory recovery, whatever it may be, shall be allowed in every case to which the statute makes it applicable, *and apparent hardship in individual cases to either employer, employee or dependents . . . must be disregarded in view of the social desirability of the system as a whole.' (Pacific Gas & Electric Co.* v. *Ind. Acc.*

---

claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, or who pays or becomes obligated to pay an amount to the Department of Industrial Relations pursuant to Section 4706.5, may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents. The respective rights against the third person of the heirs of an employee claiming under Section 377 of the Code of Civil Procedure, and an employer claiming pursuant to this section, shall be determined by the court."

*Com.* (1961) 56 Cal.2d 219, 223 [14 Cal.Rptr. 548, 363 P.2d 596], italics added.) ' "Though it may be more opportunistic for a particular plaintiff to seek to circumscribe the purview of compensation coverage because of his immediate interest and advantage, the courts must be vigilant to preserve the spirit of the act and to prevent a distortion of its purposes. . . ." ' (*Eckis* v. *Sea World Corp.* (1976) 64 Cal.App.3d 1, 7 [134 Cal.Rptr. 183].)" (*Blew* v. *Horner, supra,* 187 Cal.App.3d at p. 1389.)

Similar reasoning applies here. While section 2750.5 occasionally may create a dual employment situation in which one employer is granted immunity from a personal injury action at law even though the employer's insurer is not responsible for payment of workers' compensation benefits to the injured employee, this result does not justify judicial rewriting of the section. Contrary to plaintiff's claim, defendant has not received a "windfall" that contravenes the purpose of section 2750.5. Actually, defendant has "paid the price" for immunity: namely, the cost defendant must pay for workers' compensation insurance which will cover benefits to injured employees even without proof that defendant is in any way at fault for the injuries. The fact that the *insurer* may have received a windfall does not alter defendant's position. Defendant has complied with the workers' compensation system by obtaining coverage; thus, he is entitled to the immunity which follows from such compliance. Even assuming for the purpose of discussion that defendant has obtained a "windfall," this result is not necessarily inconsistent with the statutory scheme. In general, by making the principal contractor a source for workers' compensation benefits if an employee of an unlicensed contractor is injured on the job, the conclusive presumption of section 2750.5 protects workers because there is a great risk that unlicensed subcontractors also will be uninsured. Apparent hardships that the statute may create in individual cases must be disregarded in view of the social desirability of the system as a whole. ■ In fact, "[The purpose of section 3202 calling for a liberal construction of the Workers' Compensation Act] is a liberal construction in favor of awarding *workmen's compensation,* not in permitting civil litigation. [Citation.]" (*Dixon* v. *Ford Motor Co.* (1975) 53 Cal.App.3d 499, 506 [125 Cal.Rptr. 872].)

■ Although plaintiff believes that a strict application of section 2750.5 is unfair in some circumstances, we must presume that the Legislature intended all the consequences which flow from the plain meaning of the statute. When section 2750.5 was enacted in 1978 (Stats. 1978, ch. 1246, § 1, p. 4058), the statutes providing for workers' compensation as the employee's exclusive remedy against his employer (§§ 3600, 3601) as well as the statute acknowledging the employee's right to sue third parties in tort

(§ 3852)[7] for industrial-related injuries had been in effect over 40 years. ■ It is a well-settled rule of statutory construction that the Legislature is presumed familiar with its own previous enactments at the time it adopts a new statute. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) Moreover, the Legislature has not amended section 2750.5 following its construction in *Blew* v. *Horner, supra,* 187 Cal.App.3d 1380. (*Ibid.*) ■ Thus, we must conclude that the Legislature intended that the section's plain meaning apply to foreclose plaintiff's right to sue defendant in tort, for the language of the statute applies to *any* unlicensed contractor, whether or not insured for workers' compensation coverage. It is for the Legislature, not the courts, to pass upon the social wisdom of such an enactment. And, if there is a flaw in the statutory scheme, it is up to the Legislature, not the courts, to correct it.

Plaintiff asserts there is another compelling reason that the conclusive presumption of section 2750.5 should be interpreted to apply only when the unlicensed contractor also is uninsured. Plaintiff argues that, without such a statutory construction, unlicensed contractors would have no incentive to obtain workers' compensation insurance because liability for those benefits would be passed up the chain of employment to the next insured contractor.

This contention has no merit. Here, the trial court found that both defendant and Richards were plaintiff's employers. As such, had Richards not secured workers' compensation insurance coverage, he would have lost immunity from civil liability (§ 3706), and the amount of compensation otherwise recoverable for injury as provided for under the workers' compensation system would be increased 10 percent. (§ 4554.) Furthermore, he would have become subject to prosecution for committing a misdemeanor. (§ 3700.5.) These consequences are sufficient incentive for any employer to secure workers' compensation insurance coverage.

Lastly, plaintiff argues that the existence of Richards's workers' compensation insurance eliminates the necessity to "go through the fiction" of making plaintiff defendant's employee. According to plaintiff, "[i]t is apparent . . . that the *Blew* court would not have reached the same result if the employer had been insured for workers' compensation" because its "holding was 'to protect employees of irresponsible and uninsured subcontractors by imposing liability on the presumably responsible principal contractor . . . .' "

This contention is puzzling since the *Blew* holding did what plaintiff complains about here—it held that the principal contractor was the injured

---

[7] Sections 3600, 3601, and 3852 were enacted in 1937. (Stats. 1937, ch. 90, pp. 269, 273.)

worker's employer and thus immune from a personal injury action at law, even though the contractor's insurer apparently was not liable for workers' compensation coverage since the employee already had collected from the Uninsured Employers Fund. We fail to see how the ruling would have differed if the subcontractor in *Blew* had been insured.

In addition, plaintiff's contention unjustly implies that the *Blew* decision was result-oriented. We see no basis for this unwarranted insinuation. The *Blew* holding is not a "fiction" of law. As do we, *Blew* simply reached a construction that is compelled by the plain meaning of section 2750.5. (*Delucchi* v. *County of Santa Cruz* (1986) 179 Cal.App.3d 814, 825 [225 Cal.Rptr. 43].) ■ ■■■■ If plaintiff does not like the result, he should complain to the Legislature, not the courts.[8]

For the reasons discussed above, the trial court correctly interpreted and applied section 2750.5.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Marler, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 19, 1990.

---

[8] In his reply brief, plaintiff suggests that section 2750.5 is a statute of general application which conflicts with section 3852, a special statute. Since, in plaintiff's view, a strict application of section 2750.5 "would repeal by implication section 3852," the latter section "as a special statute will prevail over section 2750.5." Thus, plaintiff argues, section 2750.5 must be interpreted to give employees of unlicensed but insured subcontractors the right to maintain an action at law "against third persons where the third party happens to be the general contractor."

We reject this contention because, without good cause, it was not raised until the reply brief. "Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) § 496, p. 484, italics omitted.)

Moreover, plaintiff's argument lacks merit. Sections 2750.5 and 3852 are not inconsistent. Section 3852 provides that an injured worker may bring a personal injury action at law against persons *other than his employer.* Application of section 2750.5 determines whether an employer-employee status exists for the purposes of section 3852. Accordingly, the statutes apply in harmony as part of the overall workers' compensation system.