[No. A089538. First Dist., Div. Five. Jan. 10, 2001.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff
and Respondent, v.
NANO MALDONADO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.2.

1226

## COUNSEL

Terry J. Traktman for Defendant and Appellant:

Breland C. Gowan, David Gossage, Antonio R. Anziano, David N. Sandler and Daniel P. Weingarten for Plaintiff and Respondent.

## OPINION

**JONES, P. J.**—In an action brought by the Department of Transportation (Caltrans) to abate a public nuisance, Nano Maldonado appeals a judgment in favor of Caltrans restricting the advertising Maldonado may display from his property. He contends the trial court misconstrued the statutes applicable to outdoor advertising; the injunction imposed by the judgment is ambiguous; and the trial court abused its discretion in denying him leave to file a claim for inverse condemnation.

## BACKGROUND

This case concerns the advertising permitted on a billboard located on the roof of a commercial building known as 3600 Rolison Road and located immediately adjacent to the southbound lanes of Highway 101 in Redwood City.

In 1956, a double-sided billboard was mounted on the roof of the building. During the 1960's and 1970's, the billboard was used for off-premises advertising, i.e., goods and services not located in the 3600 Rolison Road building. In 1990 or 1991 appellant purchased the building.

In March 1993, appellant applied to Caltrans for a permit to use the billboard for an off-premise display. In April 1993, Sally Barton, a Caltrans outdoor advertising inspector, denied the permit because the proposed advertisement would be along a segment of Highway 101 classified as "landscaped freeway." The Outdoor Advertising Act (the Act; Bus. & Prof. Code, § 5200 et seq.)[1] generally prohibits billboards along segments of freeway classified as landscaped, unless they advertise goods or services available at the property on which the billboard is placed. (§§ 5440, 5442.) In denying appellant's permit, Barton informed him that such "on-premises" advertising was permissible.

On October 14, 1993, Barton cited appellant for violating the Act by not having a permit and using his billboard to advertise off-premises goods and services on a landscaped freeway. He was instructed to correct the violation or contact Caltrans by December 4, 1993.

On October 26, 1996, Barton cited appellant on the same grounds and instructed him to remove the advertising by November 30, 1996. Photographs taken by Barton of the subject billboard during this 1993-1996 period depict advertisements for the Stanford Shopping Center; a Palo Alto Holiday Inn; Skyway Cellular, with a telephone number at an El Camino Real address; Golden Time Jewelers, at 2074 Broadway, Redwood City; and Stanford University football tickets. Barton also visited the premises and saw only an automotive repair shop on one side of the building; she was unable to gain access to the rest of the building.

Pursuant to the 1996 citation's advisory, appellant requested a review of the citations by the California Outdoor Advertising Review Board (COARB). He asserted the advertisements were permissible because they were for businesses that leased space in his building. COARB concluded that the displays on appellant's billboard advertised off-premises goods and services and so violated the Act. Because appellant did not remove the displays, Caltrans brought the instant action to abate a public nuisance.

At trial, appellant testified that he did not know the nature of the business conducted in his building by the Palo Alto Holiday Inn, Stanford Shopping

---

[1] Unless otherwise indicated, all further section references are to the Business and Professions Code.

Center, Skyway Cellular or Golden Time Jewelers. He was unaware of these businesses ever, respectively, offering meals or accommodation, opening a shopping annex, selling cellular telephones, or selling watches at his building. As a condition to leasing the billboard to advertise their product or service, he required these lessees to lease an office in the building, because Barton's April 1993 letter denying a permit stated that on-premises advertising did not require a permit. When the lease was executed, he gave the lessees a key and "quiet enjoyment," and they were entitled to use the office as they wanted.

Lee Nim, the owner of Golden Time Jewelers, testified that he contacted appellant after seeing the word "available" and a phone number on the billboard. While they negotiated the lease for the billboard, appellant told Nim that he could use an office in the building. Nim replied he was interested only in advertising on the billboard. He never received a key. The billboard depicted a Brighton link watch above the name, address and telephone number of Golden Time Jewelers.

Robert Carruesco, an assistant athletic director in charge of marketing for Stanford University athletics, contacted appellant about renting the billboard when he noticed that it was available for rent while driving past the property. Carruesco was only interested in using the billboard for three months to advertise football, but when appellant informed him the rental of the billboard included an office which Stanford would need to use, he agreed to the term. During the rental period Carruesco made the office available to a student intern, who used it occasionally but not for any football purpose. The billboard advertised the Stanford football season and contained a telephone number for the ticket office at the football stadium, which is in Palo Alto. Stanford did not operate a ticket office in its office in appellant's building.

Clement Chen, whose family owns the Palo Alto Holiday Inn, also saw that the billboard was available while driving past it. When Chen telephoned the posted number to inquire about renting it, appellant explained that the billboard was unavailable to rent alone but was part of a package with an office, pursuant to an arrangement with Caltrans. During the rental period the hotel's director of sales and marketing used the office occasionally for additional office space. The Palo Alto Holiday Inn billboard directed viewers to the Embarcadero freeway exit (in Palo Alto) to reach the hotel and advertised that "kids eat free."

The trial court concluded that appellant's 1993 permit application was properly denied because it was for proscribed outdoor advertising adjacent to

a landscaped freeway. It also concluded the advertising displays that formed the bases for the citations were not permissible on-site advertising even though appellant required each advertiser to rent office space as a condition to advertising on his billboard, because none of the lessees advertised goods manufactured or produced or services available on the premises.

The court then enjoined appellant from displaying any advertising on his billboard without permission from Caltrans and generally enjoined him from displaying any on-premises advertising unless it was for business actually conducted on the premises.

DISCUSSION

The primary issues on appeal are (1) whether the essentially undisputed facts demonstrate a violation of the applicable provisions of the Act, and (2) if so, whether the resulting injunction is sufficiently definite and comports with the Act.

I. *Violations of the Act*

The Act governs the placement of advertising displays within 660 feet from the edge of a right-of-way to a highway. (§§ 5270, 5271; Stats. 1999, ch. 818, § 1.) It generally precludes any person from placing an advertising display within the affected areas without first securing written permission from Caltrans. (§ 5350.) However, section 5272 provides that the Act does not apply to an advertising display used exclusively to designate the name of the owner or occupant of the premises or to advertise the business conducted, services rendered, or goods produced or sold on the property upon which the advertising display is placed and within 1,000 feet of the point on the property at which the business is conducted, service rendered, etc. (§ 5272, subds. (c) & (d).)

Article 8 of the Act (§§ 5440-5443) regulates advertising displays on property adjacent to "landscaped freeways," which is defined as a section of freeway that is, or may be, improved by planting vegetation that requires reasonable maintenance on at least one side of its right of way. (§ 5216.) Section 5440 provides that "no advertising display may be placed or maintained on property adjacent to a section of a freeway that has been landscaped if the advertising display is designed to be viewed primarily by persons traveling on the main-traveled way of the landscaped freeway." Article 8 contains an exception, however, which is similar to the exceptions of section 5272, subdivisions (c) and (d). Under section 5442, the prohibition in section 5440 does not apply to any advertising structures or signs if the

advertising display is used exclusively to designate the name of the occupant of the premises, or to advertise goods manufactured or produced, or services rendered, on the property upon which the advertising display is placed. (§ 5442, subds. (b) & (c).)

■ Any advertising display placed or existing in violation of the Act is a public nuisance and subject to removal. (§ 5461; *People ex rel. Dept. of Transportation v. Outdoor Media Group* (1993) 13 Cal.App.4th 1067, 1076 [17 Cal.Rptr.2d 19].) Caltrans has authority, under the state's police power, to remove advertising displays that violate the Act after appropriate notice and hearing to the display owner. (§ 5463; *Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1161-1162 [26 Cal.Rptr.2d 217, 864 P.2d 488].)

■ There is no dispute that appellant's property lies adjacent to a section of freeway designated as "landscaped." Therefore, whether the challenged advertisements were permitted depended on whether they fit within the section 5442 exceptions to the proscription against advertisements alongside landscaped freeways. As the evidence demonstrates, they did not.

There was no evidence that the lessees of the billboard used the billboard to advertise goods they manufactured or produced or services they rendered in appellant's building. All the advertised goods and services were at other sites. (§ 5442, subd. (c).)

The fact that the billboard lease included the lease of an office in the building on which the billboard sits did not transform the lessees into occupants of the building for purposes of the Act. (§ 5442, subd. (b).) Whether a sign is a permissible outdoor advertising display is not determined by the subjective intent of the property owner but is a conclusion drawn from objective facts. (Cf. *People ex rel. Dept. of Transportation v. Harris* (1982) 128 Cal.App.3d 264, 269 [180 Cal.Rptr. 148] (*Harris*).) According to the record, only two of the leasing businesses ever occupied the office included in their lease, and those two—Stanford University athletics and Holiday Inn—did so only briefly and for purposes wholly unrelated to the message of their advertising.

Furthermore, there was no evidence that the business Stanford University athletics or Holiday Inn conducted on their office in appellant's building was the principal activity conducted on his property or source of his income. The section 5442, subdivision (b) exception to the proscription against advertising on landscaped freeways requires the advertising display in question to be used "exclusively" to designate the name of the premises occupant. Caltrans's regulations implementing the Act provide that a display which

advertises a brand name, trade name, product or service only incidental to the principal activity conducted on the property, or from which the property owner derives rental income, is not an on-premises display that fits within the section 5442 exception. (Cal. Code Regs., tit. 4, § 2243, subd. (c).) As the agency charged with administration of the Act, Caltrans's construction thereof is entitled to great weight. (*United Outdoor Advertising Co. v. Business, Transportation & Housing Agency* (1988) 44 Cal.3d 242, 246 [242 Cal.Rptr. 738, 746 P.2d 877].)

Caltrans's definition of what is *not* an on-premises display reflects the legislative intent of the Act, as manifested by the Act's plain meaning. (See *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 861 [80 Cal.Rptr.2d 803, 968 P.2d 514].) Patently conveyed in the language of the Act is the requirement that there be a direct, ongoing, substantial relationship between the advertisement and the property on which it is located, so that people visiting the building will be able to obtain therein the goods and/or services in the advertisement.

*Harris, supra*, 128 Cal.App.3d 264, illustrates this legislative intent. Harris Farms, Inc., owned a large tract of land containing several agriculture enterprises and Harris Ranch Restaurant. A water tower alongside a highway on corporate property contained the sign "Harris Ranch 7 Miles." The tower was not within 1,000 feet of any commercial buildings or activity. The restaurant is seven miles south of the water tower. *Harris* concluded the sign violated the Act, even though it contained the name of the property owner, because it was intended to and did direct motorists to the restaurant seven miles away and thus constituted an advertisement for a business not located at the same site as the advertising display. (*Id.* at pp. 270-271.) Similarly, all the advertisements at issue on appellant's building directed motorists to goods and services unavailable at and distant from the lessee's office in the building.

Appellant argues that the determination of the signs' exemption from the Act is governed by section 5272, not section 5442, because section 5272 states that except for sections 5400 and 5404, nothing in the Act applies to advertising displays used for the purposes itemized in subdivisions (a) through (d) of section 5272. Appellant's argument is unavailing. The words of a statute are to be construed in context, so that each of its provisions is given significance, surplusage is avoided, and the provisions harmonize. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155]; *Moyer*

*v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 231 [110 Cal.Rptr. 144, 514 P.2d 1224].) Courts must also avoid an interpretation that leads to absurd or anomalous consequences. (*Calatayud v. State of California* (1998) 18 Cal.4th 1057, 1072 [77 Cal.Rptr.2d 202, 959 P.2d 360].)

To construe section 5272 as governing the determination of what advertisements are exempt from the proscription against advertising displays along *landscaped freeways* would deprive section 5442 of any meaning, leaving its words surplusage. By enacting an article within the Act specific to landscaped freeways, the Legislature clearly manifested its intent that designated landscaped highways are, for outdoor advertising purposes, to be considered separately from public highways generally.

In any case,. the few varying words in the exceptions to the Act itemized in section 5272 and the exceptions to the proscription against advertising on landscaped freeways itemized in section 5442 constitute a distinction without a difference for purposes of the challenged advertisements in this case. Section 5272, subdivision (d) excepts "business conducted or services rendered or the goods produced or sold upon the property," and section 5442, subdivision (c) excepts "goods manufactured or produced, or services rendered . . . ." As outlined, *ante*, none of the challenged billboard advertisements depicted a business conducted, a service rendered or a product manufactured or sold on the premises.

## II.  *Language of Injunction*

Appellant contends the judgment must be reversed because the four activities enjoined thereby either confer on Caltrans extrastatutory authority or are ambiguous.

### *Paragraph 4a.*

Paragraph 4a of the judgment enjoins appellant from "[p]osting or displaying any advertising on his billboard without first having obtained from plaintiff either a permit for outdoor advertising, or an exemption from or waiver of the permit requirement." We agree that paragraph 4a is contrary to the Act's requirements. So long as the portion of Highway 101 alongside appellant's property is designated "landscaped freeway," permits are irrelevant to any advertising thereon. As a general proposition, advertisements are not permitted on landscaped freeways at all. (§ 5440.) However, the section 5442 exceptions to section 5440's proscription are essentially synonymous with the kinds of advertising displays itemized in section 5272 as

being wholly exempt from the Act. If the displays fall within an exception to the Act, they do not require a permit, as Caltrans acknowledges on appeal.

Nevertheless, Caltrans argues, the trial court had discretion to fashion an injunctive remedy to decrease the likelihood of a multiplicity of lawsuits,[2] given appellant's repeated violations of the Act. Although courts have flexible and expansive power to issue equitable relief, they do not have the power to disregard or set aside express terms of legislation. (*Armstrong v. Picquelle* (1984) 157 Cal.App.3d 122, 129 [203 Cal.Rptr. 552].) The court could not disregard the Act's provisions that its permit requirements are inapplicable to owners of property abutting landscaped freeways when the advertisements on their property fall within the statutory exceptions.

### *Paragraph 4b.*

Paragraph 4b enjoins appellant from posting or displaying any " 'on premise' advertising which does not direct the viewer to the billboard location for purposes of conducting business." ■ An injunction must be sufficiently definite to provide a standard of conduct for those whose activities are to be proscribed, as well as a standard for the court to use in ascertaining an alleged violation of the injunction. (*Pitchess v. Superior Court* (1969) 2 Cal.App.3d 644, 651 [83 Cal.Rptr. 35].) When read in the context of (1) the judgment as a whole, (2) the section 5442 exception allowing advertising for goods manufactured or services rendered on the premises, and (3) the holding of *Harris, supra*, 128 Cal.App.3d 264, the language of paragraph 4b is sufficiently definite to apprise appellant and the courts that he may not use his billboard to direct travelers to businesses that are not located in his building.

### *Paragraph 4c.*

Paragraph 4c enjoins appellant from "[p]osting or displaying any 'on premise' advertising for products or services which are only incidental or secondary to the principal business activity conducted on [his] premises." Like paragraph 4b, this paragraph is sufficiently clear to reflect section 5442's requirement that the advertising be used "exclusively" to designate the occupant of the premises or goods and services available thereon, as well

---

[2]Code of Civil Procedure section 526, subdivision (a) states: "An injunction may be granted in the following cases: [¶] . . . [¶] (6) Where the restraint is necessary to prevent a multiplicity of judicial proceedings."

as the Caltrans regulation that a display that advertises a product or service only incidental to the property's principal business is not an on-premises display. (Cal. Code Regs., tit. 4, § 2243, subd. (c).)

*Paragraph 4d.*

Paragraph 4d enjoins appellant from posting or displaying any " 'on premise' advertising for activities not conducted on [his] premises. Renting of office space by an advertiser does not, for purposes of these orders, constitute conducting business or conducting activities on [his] premises." This paragraph sufficiently defines the proscribed activity for the same reasons as does paragraph 4b. It manifests the requirements of the Act and the Caltrans regulations that there be a substantial physical relationship between the business advertised and the use of the premises made by that business.

III. *Other Issues*

1. *Presumption of Lawful Erection of Billboard*

██ Appellant contends he is allowed to use the billboard for off-premises advertising because it was lawfully erected for that purpose before enactment of the Act. Section 5216.1 generally defines a "lawfully erected" advertising display as one in compliance with state law in effect at the time of the display's erection. Section 5216.1 also states that there is a rebuttable presumption that an advertising display is lawfully erected if it has been in existence for five years or longer without the owner having received written notice during that time that the display was not lawfully erected.

However, section 5441, within the article governing landscaped freeways, states that any advertising display "which is now, or hereafter becomes, in violation of Section 5440 [prohibiting advertising along landscaped freeways] shall be subject to removal three years from the date the freeway has been declared a landscaped freeway by [Caltrans] and the character of the freeway has been changed from a freeway to a landscaped freeway." Therefore, the fact that the billboard may have been lawfully erected for purposes of section 5216.1 became moot once the portion of Highway 101 alongside appellant's property was designated "landscaped" in 1993. Any advertising display that violates the Act is a public nuisance and is subject to removal. (§ 5461.) A legislatively declared nuisance is subject to an injunction, even

if the conduct that now constitutes the nuisance did not once do so. (*People ex rel. Dept. Pub. Wks. v. Adco Advertisers* (1973) 35 Cal.App.3d 507, 511 [110 Cal.Rptr. 849].) If the advertisements on appellant's billboard violated the Act's provisions governing landscaped freeways, they were subject to removal, whether or not the billboard could once have legally advertised off-premises goods and services.

2. *Leave to Amend**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified to strike paragraph 4a thereof. In all other respects the judgment is affirmed. Costs on appeal to Caltrans.

Stevens, J., and Richman, J.,† concurred.

A petition for a rehearing was denied February 1, 2001, and appellant's petition for review by the Supreme Court was denied March 28, 2001.

---

*See footnote, *ante*, page 1225.
†Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.