Cynthia STOUT, individually and as guardian ad litem for Michael Miller, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 85–1464.

United States District Court, D. Hawaii.

Aug. 5, 1987.

L. Richard Deroberter, Honolulu, Hawaii, for plaintiffs.

Gary Beaver, Honolulu, Hawaii, for defendant.

## MEMORANDUM AND ORDER

ROSENBLATT, District Judge.

Plaintiff is the mother of a then ten year old boy who was injured while climbing a tree on a military housing development. Defendant had filed a Motion To Dismiss, but had included evidence outside the pleadings. Judge Consuelo Marshall refused to consider the motion as one for summary judgment because of the objection of plaintiff's counsel. She then denied the Motion To Dismiss and defendant was given additional time by the magistrate to file the Motion For Summary Judgment. The Motion For Summary Judgment is the same as the Motion To Dismiss except for the inclusion of additional argument and affidavits as discussed below.

At the hearing on the motion the parties argued the motion and the plaintiffs were given additional time to file a response and controverting affidavits, after which time the matter would be deemed submitted.

### I. Hawaii Recreational Land Use Statute

This complaint is brought under the Federal Torts Claim Act, 28 U.S.C. § 2674, which provides that the United States will be liable to the same extent that a private individual would be liable under state law. Defendant argued that the Hawaii recreational land use statute therefore applies to establish the scope of the government's liability.

HRS § 520–3 provides in pertinent part: ... an owner of land owes *no duty of care* to keep the premises safe for entry or use by others for recreational pur-

poses, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

■ Plaintiff argued in response that the statute did not apply to the land in question because it was a debris and litter ridden piece of woods on a military base. This argument is not well taken. The statute does not create a qualitative factor as to what land can be deemed recreational and what cannot. The statute encompasses any land that is *used* for recreation, rather than what some court may determine is recreational land. Indeed the purpose of the statute is to encourage landowners to allow others, including ten year old boys who like to play on trees, to use their land without the threat of liability suits.

■ Plaintiff also argued in response to the Motion To Dismiss that the land in question was not open to the public and indeed there was a posted guard preventing access by anyone other than authorized military personnel and their families who lived in the area. There was no affidavit to support this argument. The government attaches to its Motion For Summary Judgment an affidavit that was not included in the Motion To Dismiss that states that at the time of the accident the area in question was indeed open to the public, the inference being that anyone could climb the tree that plaintiff's son climbed. Plaintiff has not countered this affidavit.

The statute appears to apply even if the military base was closed to the general public. The statute is explicit in its exceptions. It states that a landowner is not liable for injuries if he "directly or indirectly invites or permits without charge any person to use (his) property for recreational purposes ..." The statute does not apply to house guests. A landowner who allowed only one person to use his land for recreational purposes for free, and not as a house guest as defined by the statute, would be protected by the statute. Therefore, if the government allowed only children of enlisted men to play on the trees, and there is testimony that they did, it

would not matter that no one else was allowed to play on the trees. The statute says "any person" not "anyone." Obviously a landowner can control who uses his land for recreational purposes. Such discretion should not result in the forfeiture of the immunity that the statute provides. Otherwise the whole purpose of the statute would be defeated because no one would allow anyone on their land if they had to allow everyone.

■ Plaintiff also argued that HRS § 520-5(1) applies: "Nothing in this chapter limits in any way any liability which otherwise exists: (1) For wilful or malicious failure to guard against a dangerous condition, use, or structure which the owner knowingly creates or perpetuates and for wilful or malicious failure to guard or warn against a dangerous activity which the owner knowingly pursues or perpetuates." The evidence that plaintiff presented in support of her response to the Motion For Summary Judgment simply is not enough. No reasonable trier of fact could find from the evidence submitted that the government acted wilfully or maliciously. Negligent perhaps, but not wilful and malicious. Defendant has presented evidence on this issue that was not presented with the Motion To Dismiss. Again, plaintiff has not controverted this evidence.

Defendant also sought dismissal of and seeks summary judgment on plaintiff's claim for damages on her own behalf because she had failed to exhaust her administrative remedies by filing a claim as required under the Federal Tort Claims Act. Plaintiff did not respond to this issue and acknowledges that she has abandoned the claim. Defendant's statement of the law is correct; an administrative claim must first be filed.

Defendant sought dismissal of and seeks summary judgment on plaintiff's claim on her own behalf because it is derivative of the claim on behalf of her son, and should be dismissed under the same theory. Plaintiff has abandoned this claim also.

Defendants fourth argument for summary judgment is that plaintiff's recovery is

limited to the amount requested in the administrative complaint. Plaintiff did not respond to this issue in her response to the Motion For Summary Judgment either. There are exceptions to the rule (newly discovered evidence that could reasonably not have been located before the filing of the administrative claim), but plaintiff did not argue the applicability.

Defendant's Motion For Summary Judgment is granted upon the ground that:

1. Plaintiff Cynthia Stout, as guardian ad litem for Plaintiff Michael Miller, has not stated nor can she prove a claim upon which relief can be granted under the Federal Tort Claims Act because the Hawaii Recreational Use Statute (HRS §§ 520–1 *et seq.*) precludes defendant's liability.

2. The Court lacks jurisdiction over the individual claim of plaintiff Cynthia Stout because she has failed to exhaust her administrative remedies;

3. The Court lacks jurisdiction over the individual claim of plaintiff Cynthia Stout because it is a derivative action of the claim she has filed on behalf of Michael Miller and that claim filed on behalf of Miller is barred by the Hawaii Recreational Use Statute.

4. The cause of action for $400,000 on behalf of Michael Miller must be limited, as a matter of law, to the $250,000 amount claimed administratively.

IT IS SO ORDERED.

### II. Plaintiff's Motion To Strike New Evidence

As to Plaintiff's Motion To Strike New Evidence based on Judge Marshall's denial of Defendant's Motion To Dismiss and the limitation imposed by Magistrate Tokairin in his granting of the order to enlarge time, the motion is not well taken.

The issue of the Hawaii recreational land use statute must be addressed now or at the trial. Judicial economy is best served by prompt resolution of the issue. The plaintiff was given an opportunity to raise by affidavit material issues of fact concerning the statute, which she was and would be unable to do at trial. Thus, the Motion

To Strike New Evidence is denied, and IT IS SO ORDERED.