[No. C004308. Third Dist. Feb. 27, 1990.]

MIGUELANGEL VALLADARES et al., Plaintiffs and Appellants. WILLARD E. STONE, Defendant and Respondent.

COUNSEL

Harvey L. Roberts, Jr., Jane Genco and Memering, Varanini, Hurst, Crowle & Trimble for Plaintiffs and Appellants.

Timothy M. Blaine and Porter, Scott, Weiberg & Delehant for Defendant and Respondent.

## OPINION

SCOTLAND, J.— ■■■■ ■■■■ In this appeal from a judgment entered after the granting of defendant's motion for summary judgment,[1] we hold that Civil Code section 846, which provides that an owner of any estate or interest in real property owes no duty of care to keep the premises safe for those who enter or use the property for recreational purposes without express invitation or payment of a fee, applies to a person who is injured while climbing and playing in a tree on a vacant lot in a residential neighborhood.[2]

As discussed more fully below, the fact that tree climbing is not included in the list of activities set forth in the section is of no consequence because the uses enumerated therein are simply illustrative of the activities which constitute recreational uses within the meaning of the statute. Moreover, contrary to plaintiffs' claim, Civil Code section 846 is not limited to rural land but applies equally to an unimproved, undeveloped lot adjacent to a residential subdivision within city limits.

### FACTS AND PROCEDURAL BACKGROUND

After "escaping" from his mother's supervision, four-year-old Miguelangel followed other children onto a vacant lot owned by defendant. The lot is adjacent to a residential housing development in the City of Arbuckle. While there, Miguelangel fell from a tree in which he had been playing and sustained a corneal laceration to his left eye.

Miguelangel, through his guardian ad litem, and his parents, Enrique and Aurelia Valladares, filed a complaint alleging that the minor's injury was

---

[1] Actually, plaintiffs appealed from the order granting the motion for summary judgment. However, this is a nonappealable order; the appeal must be taken from the ensuing final judgment. (*Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 665 [118 Cal.Rptr. 100].) Nevertheless, pursuant to California Rules of Court, rule 2(c), we construe the notice of appeal as prematurely filed and treat this as an appeal from the final judgment entered for defendant. (*Ibid.*)

[2] At oral argument plaintiff tendered the question whether Civil Code section 846 applies to trespassing children. However, plaintiff did not raise this issue in the appellate briefs. "It has long been deemed improper to raise new points at oral argument, and such questions ordinarily will not be considered." (*People* v. *Superior Court* (*On Tai Ho*) (1978) 11 Cal.3d 59, 68 [113 Cal.Rptr. 21, 520 P.2d 405].) Due to the manner in which the issue was raised and the lack of appropriate briefing, we decline to address plaintiffs' belated contention. (*Ibid.*)

the proximate result of defendant's negligence in maintaining and supervising his property. In addition to damages directly resulting from Miguelangel's injury, his parents sought to recover for emotional distress they allegedly suffered "upon observing the severe injuries at the scene of the subject accident."

Defendant successfully moved for summary judgment on the basis that plaintiffs' recovery is barred by Civil Code section 846. (Further statutory references are to the Civil Code unless otherwise specified.) On appeal, plaintiffs contend that the trial court erred in granting the motion. They claim defendant is not entitled to the protection of section 846 because: (1) Miguelangel's use of defendant's property is not one of the recreational activities included within the purview of the statute; and (2) defendant's land falls within a judicially recognized exception to section 846 excluding property unsuitable for recreational purposes. We disagree and shall affirm the judgment.

## DISCUSSION

### I

■ Section 846 constitutes an exception to the general rule that a private landowner owes a duty of reasonable care to any person who enters his or her property.[3] (*Charpentier* v. *Von Geldern* (1987) 191 Cal.App.3d 101,

---

[3] At the time of Miguelangel's accident in 1985, section 846 provided: "An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section. [¶] A 'recreational purpose,' as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites. [¶] An owner of any estate or any other interest in real property, whether possessory or nonpossessory, who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section. [¶] This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner. [¶] Nothing in this section creates a duty of care or ground of liability for injury to person or property." This section was subsequently

107 [236 Cal.Rptr. 233].) Under section 846, an owner of any estate or other interest in real property owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give recreational users warning of hazards on the property, unless (1) the landowner willfully or maliciously fails to guard or warn against a dangerous condition, use, structure or activity; (2) permission to enter for a recreational purpose is granted for consideration; or (3) the landowner expressly invites rather than merely permits the user to come upon the premises. In the absence of any of these exceptions, the duty owed by the landowner is no greater than that owed to a trespasser under common law: i.e., the recreational trespasser on private land assumes the risk of injury, absent willful or malicious misconduct by the landowner. (*Rowland v. Christian* (1968) 69 Cal.2d 108, 113-114 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Charpentier, supra,* at p. 108.) The legislative purpose of section 846 is to encourage landowners to keep their property accessible and open to the public for recreational use without charge by limiting their liability for injuries sustained during such use. (*Delta Farms Reclamation Dist. v. Superior Court* (1983) 33 Cal.3d 699, 707-708 [190 Cal.Rptr. 494, 660 P.2d 1168]; *Charpentier, supra,* at p. 108.)

Plaintiffs do not contend that defendant willfully or maliciously failed to guard or warn against a dangerous condition or use of his property. They also acknowledge that Miguelangel entered defendant's vacant lot to play in a tree on the property, and that he did so without payment of consideration and without express invitation from defendant. Accordingly, there are no triable issues of fact regarding the prerequisites for invoking section 846. Rather, plaintiffs contend that this section is inapplicable to the facts of this case because tree climbing is not a recreational activity and defendant's property is not the type of land covered by the statute.

■ "It is elementary that the construction of a statute and the question of whether it is applicable present solely questions of law. [Citation.]" (*Dean W. Knight & Sons, Inc. v. State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44].) When ". . . no triable issues of fact are presented, and the sole question is one of law, that question may appropriately be determined on a motion for summary judgment. [Citations.]" (*Jones-Hamilton Co. v. Franchise Tax Bd.* (1968) 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].) ■ "In assessing the validity of an order granting summary judgment, we independently review the trial court's decision, ruling de novo on questions of law. . . ." (*Korens v. R. W. Zukin Corp.* (1989) 212 Cal.App.3d 1054, 1057-1058 [261 Cal.Rptr. 137].) "On appeal, all intendments are in favor of the party who opposed the

---

amended in 1988 to add hang gliding to the list of enumerated recreational activities. (Stats. 1988, ch. 129, § 1.)

motion. [Citation.]" (*Charpentier* v. *Von Geldern, supra,* 191 Cal.App.3d at p. 107.) With these principles of review in mind, we examine plaintiffs' contentions.

## II

Section 846 currently states that a " 'recreational purpose,' as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sight-seeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites." This statute has been amended several times since its enactment in 1963 (Stats. 1963, ch. 1759, § 1, p. 3511) to add various types of activities to its list of recreational purposes.[4]

 Plaintiffs argue that, because section 846 lists certain activities and has been amended various times to add to its list, the section applies only when entry or use of private property is for one of the recreational purposes enumerated in the statute. Since the Legislature has not expressly listed tree climbing as a recreational purpose within the meaning of section of section 846, plaintiffs contend that the trial court erred in applying this statute to Miguelangel's entry onto defendant's land for the purpose of playing in a tree.

In urging us to read into section 846 a legislative intent that the statute not apply to any activity not specified in the section, plaintiffs run afoul of fundamental rules of statutory construction. In ascertaining legislative intent, a court must look to the words of the statute and give effect to the usual, ordinary import of the language employed. (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 91 [255 Cal.Rptr. 670, 767 P.2d 1148]; *Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 741 [250 Cal.Rptr. 869, 759 P.2d 504]; *People* v. *Overstreet* (1986) 42 Cal.3d 891, 895-896 [231 Cal.Rptr. 213, 726 P.2d 1288]; *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) When statutory language is clear and unambiguous, there is no need for construction, and the plain meaning of the statute must

[4] For example, section 846 was amended in 1971 to include rock collecting (Stats. 1971, ch. 1028, § 1, p. 1975); in 1976 to add spelunking (Stats. 1976, ch. 1303, § 1, p. 5859); in 1978 to include picnicking, nature study, nature contacting, recreational gardening, gleaning, winter sports and viewing of historical, archaelogical, scenic, natural or scientific sites (Stats. 1978, ch. 86, § 1, p. 221); in 1979 to add sport parachuting (Stats. 1979, ch. 150, § 1, p. 347); and in 1988 to include hang gliding (Stats. 1988, ch. 129, § 1).

prevail. (*People* v. *Overstreet, supra*, at pp. 895-896; *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146].)

█ There is no ambiguity in section 846. By stating that a recreational purpose "includes such activities as" those listed therein, the statute clearly indicates that the list is merely illustrative of the activities which constitute a recreational purpose within the meaning of the section. Under the "usual, ordinary import" of the plain meaning of section 846, other recreational uses similar to those listed fall within the purview of the statute.

In determining whether tree climbing is such a use, we must give effect to the common meaning of the statutory language. A recreational purpose is one intended to refresh the body or mind by diversion, amusement or play. (Webster's Third New Internat. Dict. (1986) p. 1899.) Clambering about in trees is such an activity. With fond memories of the tree-scaling days of our youth, we conclude that climbing a tree for play is, as a matter of law, a recreational purpose within the meaning of section 846. Certainly, it is a form of "nature contacting" contemplated by the statute.

Plaintiffs' reliance on *Domingue* v. *Presley of Southern California* (1988) 197 Cal.App.3d 1060 [243 Cal.Rptr. 312] is misplaced. *Domingue* held only that the appellant in that case raised a triable issue of fact as to whether his riding a bicycle on respondent's land was a recreational use. Construed liberally, appellant's affidavit stated that the sole reason he was on respondent's property was to take a shortcut to a friend's house. Noting that not all bicycle riding is recreational in nature (e.g., a messenger delivering a telegram by bicycle would not be engaged in a recreational purpose), the *Domingue* court concluded the "mere fact that the minor appellant was riding his bicycle to his friend's house does not make his trip across respondent's land on the occasion of the accident a recreational use." (*Id.*, at p. 1065.) Here, in contrast, it was undisputed that Miguelangel entered defendant's vacant lot for the purpose of climbing and playing in a tree—a recreational activity, as a matter of law, within the meaning of section 846.

### III

█ Plaintiffs next contend the evidence does not establish, as a matter of law, that defendant's vacant lot comes within the meaning of section 846. Rather, they assert that the lot falls within a judicially recognized exception excluding property unsuitable for recreational purposes.

It is undisputed that defendant's property consisted of a vacant lot adjacent to a residential housing development in the City of Arbuckle. The

parcel is unimproved and covered with weeds, trees, sand and dirt paths. According to plaintiffs, "this is not the type of open, natural and environmentally wholesome land the Legislature envisioned to be governed by [section 846]." In essence, plaintiffs seem to suggest that section 846 applies only to pristine land which is relatively isolated from densely populated neighborhoods. We disagree.

The Legislature did not limit section 846 to rural as opposed to urban land. To the contrary, we believe that defendant's parcel is one type of property the Legislature had in mind when enacting section 846. Applying this section to a vacant lot in a residential area promotes the legislative intent to maximize land available for recreational purposes by encouraging landowners to keep their property accessible and open to the public for recreational use without charge. Such access is needed most in urban areas, particularly inner cities, where residents have no easy access to the great outdoors contemplated by plaintiffs. Plaintiff Aurelia Valladares's deposition testimony supports this conclusion. Under cross-examination, she acknowledged that, for the families of the subdivision in which she lives, defendant's vacant lot "takes the place of a park because the park is rather far away."

Accordingly, the fact that defendant's property is located adjacent to a residential subdivision within the city limits of Arbuckle does not raise a triable issue of fact regarding its suitability for recreational purposes. (*Nazar v. Rodeffer* (1986) 184 Cal.App.3d 546, 554-555 [229 Cal.Rptr. 209] [no triable issue of fact regarding the suitability for recreational purposes within section 846 of a vacant lot located immediately west of the 605 freeway and south of Beverly Boulevard in the County of Los Angeles].)

The cases cited by plaintiffs are of no help to them. Without exception, the type of property found unsuitable for recreational pursuits, and therefore outside the scope of section 846, has been land which is being prepared for construction. (*Domingue v. Presley of Southern California, supra*, 197 Cal.App.3d at p. 1070; *Potts v. Halsted Financial Corp.* (1983) 142 Cal.App.3d 727, 730 [191 Cal.Rptr. 160]; *Paige v. North Oaks Partners* (1982) 134 Cal.App.3d 860, 863 [184 Cal.Rptr. 867]; but see *Delta Farms Reclamation Dist. v. Superior Court, supra*, 33 Cal.3d at pp. 706, 708 [section 846 is not limited to land in its natural condition—it specifically mentions "structures" and makes no distinction between natural and artificial conditions].)

■ Property in a stage of development has been excluded from the purview of section 846 because the purpose of encouraging landowners to permit recreational access to their property would not be furthered by

extending the section's protection to those who own an interest in such property. As observed in *Potts* v. *Halsted Financial Corp., supra,* 142 Cal.App.3d at page 730, "Landowners who have begun to erect private dwelling units have already withdrawn this portion of their land from public recreational access by making it unsuitable for such purposes." (See also *Wineinger* v. *Bear Brand Ranch* (1988) 204 Cal.App.3d 1003, 1010 [251 Cal.Rptr. 681].) Moreover, "[f]ree recreational use by the public during such development would interfere with that developer's purpose and use of its private property and is consequently not encouraged." (*Domingue* v. *Presley of Southern California, supra,* at p. 1066; see also *Paige* v. *North Oaks Partners, supra,* at p. 863 [the Legislature could not have intended to encourage owners and building contractors to allow their temporary construction projects to be used for recreational purposes].)

■ Here, it is uncontested that defendant's property was in an unimproved, undeveloped state. Defendant had done nothing to withdraw his vacant lot from public recreational access. Thus, the trial court properly concluded that the land and Miguelangel's use thereof fall within the purview of section 846.

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Marler, J., concurred.