94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph G. CHESTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55821.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Aug. 15, 1996.
 
 Before: D.W. NELSON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Joseph G. Chester was injured while viewing a static display of a military tank at the 1991 Air Show at Miramar Naval Air Station. Alleging negligence, Chester brought an action against the government under 28 U.S.C. § 2671 (Federal Tort Claims Act). Holding that the government was immune from liability for personal injury under California's Recreational Use Immunity statute, Cal.Civ.Code § 846, the district court granted summary judgment in favor of the government. On appeal, Chester contends that the district court erred in granting the government immunity because the consideration and express invitee exceptions to immunity under § 846(b)(c) apply to this case. We affirm.
 
 
 3
 Under § 846, a property owner owes no duty of care to keep the premises safe for entry or use by others for a recreational purpose. However, under § 846(b), an exception to immunity exists "for injury suffered in any case where permission to enter for the above [recreational] purpose was granted for consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose." (emphasis added)
 
 
 4
 An actual payment of an entry fee qualifies as adequate consideration under § 846. Thompson v. U.S., 592 F.2d 1104, 1108 (9th Cir.1979). Chester, however, did not pay any fee to gain entry to the Air Show. Neither his ticket for special box seating nor his payment for refreshments and a program were adequate consideration under § 846.
 
 
 5
 In Graves v. United States Coast Guard, 692 F.2d 71, 72 (9th Cir.1982), the court held that access to a river and cabana was an "implied benefit" of payment of a fee for camping near the river. Applying § 846, the court held that the camping fee constituted sufficient consideration, thereby nullifying immunity. Id. However, in this case, Chester's special box seating did not afford him greater or improved access to the static displays of military equipment than those who had not paid for special seating. Viewing the static displays was therefore not an implied benefit of the special seating.
 
 
 6
 Neither Ducey v. U.S., 713 F.2d 504 (9th Cir.1983) nor Jones v. U.S., 693 F.2d 1299 (9th Cir.1982) are binding authority in this case due to significant differences in the wording of the statutes. While § 846 states that immunity is destroyed where permission to enter for a recreational purpose is granted for consideration, the Nevada recreational use statute at issue in Ducey is worded more broadly and states that immunity is destroyed where permission to participate in a recreational activity is granted for consideration. The Washington recreational use statute in Jones did not even grant exceptions to immunity using the term "consideration" and, instead, specifically stated that immunity was destroyed only if a "fee" was charged for the use of the land.
 
 
 7
 Both the Ninth Circuit and the California appellate court have defined consideration narrowly under § 846. Public relations benefits, for example, do not constitute adequate consideration under § 846. Mansion v. U.S., 945 F.2d 1115, 1118 (9th Cir.1991). Consideration must be "a present, actual benefit." Johnson v. Unocal Corp., 21 Cal.App.4th. 310, 316 (1993). We therefore reject Chester's contention that the Air Show's benefits of improved community relations, recruitment, and esprit de corps constitute consideration under § 846.
 
 
 8
 In addition to § 846's consideration exception, under § 846(c), an exception to immunity from liability also exists "to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner." (emphasis added) Both the Ninth Circuit and the California appellate court have held that an invitation which is not a direct, personal request to attend the event does not qualify as an express invitation under § 846. Ravell v. United States, 22 F.3d 960, 963 (9th Cir.1994), Johnson v. Unocal Corp., 21 Cal.App.4th 310, 317 (1993).
 
 
 9
 Despite the government's promotion of the Air Show through newspaper advertisements, freeway billboards and direct mailings, the express invitation exception to § 846 does not apply to this case. Chester received no mail regarding the Air Show, and no invitation was ever mailed to him. There was no direct, personal request to Chester from the government to attend the event. The district court correctly concluded that the express invitee exception to § 846 did not apply to this case.
 
 
 10
 Therefore, the district court did not err in granting summary judgment in favor of the government because the exceptions to immunity under § 846 do not apply to this case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3