114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eleanor D. COTTLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-15477.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1997.
Decided May 23, 1997.
 
 1
 Before: NOONAN and TROTT, Circuit Judges, and MOSKOWITZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Eleanor Cottle ("Appellant") appeals the district court's grant of summary judgment in favor of the government ("Appellee") in her action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Because the district court correctly found that the Dryden Flight Research Center qualified under California's "recreational use" immunity statute, Cal.Civ. Code § 846, that Appellant entered for a recreational purpose, and that Appellant was not an express invitee of the government, we affirm.
 
 BACKGROUND
 
 4
 In late April or early May 1993, Appellant and her husband arrived at the Flight Research Center, operated by the National Aeronautics and Space Administration ("NASA"). The guard at the gate radioed ahead to verify that space was available on the guided tour, and when he received confirmation, the couple was admitted. They entered free of charge as the Center does not charge admission to members of the public. After the tour, Appellant tripped over a sprinkler riser near the gift shop and cafeteria and was injured.
 
 DISCUSSION
 
 5
 A. California's Recreational Use Immunity Statute
 
 
 6
 Under the Federal Tort Claims Act, "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b). See Ravell v. United States, 22 F.3d 960, 961 (9th Cir.1994). Because Appellant's injury occurred at the Flight Research Center on Edwards Air Force Base in California, the magistrate judge correctly looked to California law to determine whether a private property owner would be liable for an injury occurring in like circumstances. Simpson v. United States, 652 F.2d 831, 833 (9th Cir.1981) (citing Phillips v. United States, 590 F.2d 297 (9th Cir.1979)). California's recreational use immunity statute, Cal.Civ. Code § 846, grants limited liability to private landowners "for injuries sustained by another from recreational use of the land[,] ... provid[ing] an exception from the general rule that a private landowner owes a duty of reasonable care to any person coming upon the land." Ornelas v. Randolph, 4 Cal. 4th 1095, 1099, 17 Cal.Rptr.2d 594, 596, 847 P.2d 560, 562 (1993) (footnote & citations omitted).
 
 
 7
 B. Applicability of Statute to NASA's Flight Research Center
 
 1. Appellant's Purpose in Entering
 
 8
 Appellant's first argument is that she did not enter the Flight Center for a recreational purpose because her purpose "in entering and using the premises [was] necessarily coordinate to" NASA's statutorily prescribed purpose in allowing her to enter--i.e., the "dissemination of information concerning its activities and the results thereof," 42 U.S.C. § 2473.[1] This argument is not well-taken. First, California courts have found that the "recreational purpose" referred to in the statute is the purpose of the individual in entering upon the property, not the landowner's purpose in allowing public use of his or her property. See, e.g., Ornelas, 4 Cal. 4th at 1100, 17 Cal.Rptr.2d at 597, 847 P.2d at 563.
 
 
 9
 Second, a person who enters another's property need not enter with only one purpose (e.g., recreation) in mind. The language of the statute itself suggests that activities which may be characterized as both educational and recreational-such as "viewing or enjoying historical, archaeological ... or scientific sites"--fall within the ambit of Section 846. As Appellant conceded before the district court that she was visiting Dryden for recreation, Section 846 would apply even if some part of Appellant's purpose in visiting the Center was "educational."
 
 
 10
 2. Touring a 'Museum-like' Display Falls Within Section 846
 
 
 11
 The activities listed in Section 846 as examples of entering land for a recreational purpose are primarily outdoor activities. Although the list is non-exclusive, and "other recreational uses similar to those listed fall within the purview of the statute," Vallardes v. Stone, 218 Cal.App.3d 362, 369, 267 Cal.Rptr. 57, 61 (1990), Appellant argues that viewing aircraft in the museum-like setting of an aircraft hangar is not the type of recreational use of land that Section 846 was intended to reach.
 
 
 12
 We disagree. California courts have found the language of Section 846 to be written broadly, and they have interpreted the statute to apply equally to natural and artificial conditions, Delta Farms Reclamation Dist. v. Superior Court, 33 Cal.3d 699, 706-07, 190 Cal.Rptr. 494, 499, 660 P.2d 1168, 1173 (1983) (in bank), and to rural and urban land, Vallardes, 218 Cal.App.3d at 369, 267 Cal.Rptr. at 61. Surveying the broad range of activities listed as examples, the Ornelas court noted that they "do not appear to share any unifying trait which would serve to restrict the meaning of the phrase 'recreational purpose,' " and that the statute "is not limited to activities which take place outdoors." Ornelas, 4 Cal. 4th at 1101, 17 Cal.Rptr.2d at 597-98, 847 P.2d at 563-64. This language strongly suggests that the California Supreme Court would not recognize the distinction that Appellant seeks to draw between the tour of aircraft and NASA's facilities and those activities expressly covered by Section 846. Cf. Ravell, 22 F.3d at 962. Because a tour of the Flight Research Center may fairly be characterized as recreational and may also be characterized as viewing and enjoying a scientific site, we hold that Section 846 does apply to Appellant's visit to the Center.
 
 
 13
 C. Applicability of "Express Invitee" Exception
 
 
 14
 The recreational use immunity statute states that "[t]his section does not limit the liability which otherwise exists ... to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner." Cal.Civ. Code § 846. We find that the personal involvement of the gate guard in Appellant's admission to the Flight Center does not constitute an express invitation. The guard did no more than convey the couple's request to be admitted to those inside, verify that there was space available on the tour, and admit them to the base. Thus, there is no evidence that the guard made a "direct, personal request" that Appellant and her husband enter the base. Ravell, 22 F.3d at 963 (quoting Johnson v. Unocal Corp., 21 Cal.App. 4th 310, 317, 26 Cal.Rptr.2d 148, 153 (1993)).
 
 
 15
 A landowner need not be ignorant of the land's use for a recreational purpose to qualify for limited liability. Rather, the statute states that "[a]n owner ... who gives permission to another for entry or use for [a recreational] purpose upon the premises does not thereby ... constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed." Cal.Civ. Code § 846. The gate guard did no more than "give[ ] permission to another for entry or use," and the fact that access to the base was limited by the number of spaces available on the tour does not transform that permission into an invitation. Cf. Mansion v. United States, 945 F.2d 1115, 1117-18 (9th Cir.1991).
 
 CONCLUSION
 
 16
 Both precedent and a plain reading of the recreational use immunity statute indicate that Appellant's use of the Dryden Flight Research Center was within the scope of that statute. The permission to enter the air base given by the gate guard, moreover, did not constitute an express invitation to Appellant. Thus, the judgment of the district court was legally and factually correct.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This case was referred by Chief District Judge Robert Coyle to Magistrate Judge Snyder by Order dated January 26, 1995
 
 
 **
 The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellee suggests that this argument was not expressly asserted below. While an issue raised for the first time on appeal will ordinarily not be considered, United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993) (citations omitted), the argument that the Center is open only for educational purposes may be viewed either as part of the larger issue considered below of whether Appellant entered for a recreational purpose or as fitting the exception to the general rule against considering issues for the first time on appeal "when the issue is purely one of law," id. (quoting Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987)). Thus, this argument is properly before us