**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. VINZANT, | No. 12-55033 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-00024-VAP-AJW |
| v. | |
| UNITED STATES OF AMERICA; JESUS FERNANDEZ, M.D., Dr.; MESRA, Medical Director; LOUIS STERLING, Assistant Medical Director; ALLEN, Assistant Medical Director; S. A. HOLINCEK, Deputy Warden, | MEMORANDUM* |
| Defendants - Appellees, | |
| And | |
| DEPARTMENT OF JUSTICE; BUREAU OF PRISON VICTORVILLE, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 12, 2014
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Mark A. Vinzant, a former federal prisoner, appeals the district court's summary judgment in favor of the United States and individuals in Vinzant's action alleging claims for medical malpractice under the Federal Tort Claims Act ("FTCA") and deliberate indifference under the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts and history of this case, we do not recount them here.

On de novo review, the record supports the district court's determination that there was no triable issue of material fact demonstrating the defendants' breach of the standard of care under the FTCA. *Mansion v. United States*, 945 F.2d 1115, 1116 (9th Cir. 1991). The district court did not abuse its discretion in excluding Dr. Latch's report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) given that Vinzant provided no evidence demonstrating that Dr. Latch was exempt from the written report requirement. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (explaining that Rule 37(c)(1) "forbid[s] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). Vinzant's failure to

disclose Dr. Latch as an expert was not "substantially justified" or "harmless," *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011), and noncompliance was within his control, *see Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

The district court erred in granting summary judgment on Vinzant's Eighth Amendment deliberate indifference claim with respect to the physical therapy scheduling delay. Throughout the proceedings, Vinzant specifically argued that the defendants unreasonably denied him physical therapy, an assertion that fairly encompassed his allegation that the physical therapy, once prescribed, had been unreasonably delayed. Consequently, Vinzant did not waive this claim. Because Vinzant raised a genuine dispute of material fact regarding the cause and impact of the physical therapy delay, we reverse the district court's grant of summary judgment and remand for further proceedings. *See Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (reversing and remanding based on determination that a three-month delay in replacing dentures that were causing pain constituted a claim of deliberate indifference).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**