NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK A. VINZANT, | No. 15-56287 |
| Plaintiff-Appellee, | D.C. No. 5:07-cv-00024-VAP-AJW |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| JESUS FERNANDEZ, M.D.; et al., | |
| Defendants-Appellants. | |

| | |
|---|---|
| MARK A. VINZANT, | No. 15-56344 |
| Plaintiff-Appellee, | D.C. No. 5:07-cv-00024-VAP-AJW |
| v. | |
| UNITED STATES OF AMERICA; et al., | |
| Defendants, | |
| and | |

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

S. A. HOLINCEK, Deputy Warden,

Defendant-Appellant.

MARK A. VINZANT,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants,

and

S. A. HOLINCEK, Deputy Warden,

Defendant-Appellee.

No.    15-56361

D.C. No.
5:07-cv-00024-VAP-AJW

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted January 17, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Jesus Fernandez, Pratap Mesra, Louis Sterling, Stacey Allen, and S.A.
Holincek (collectively, "the officers") appeal the district court's denial of their
motion for summary judgment on qualified immunity as to Mark Vinzant's Eighth

Amendment deliberate indifference claim brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291 to review the "purely legal" question of qualified immunity, *Rodriguez v. Maricopa Cty. Cmty. Coll. Dist.*, 605 F.3d 703, 707 (9th Cir. 2010), and we reverse.

We review the denial of qualified immunity with special attention to the recent Supreme Court case *White v. Pauly*, No. 16-67, 2017 WL 69170 (U.S. Jan. 9, 2017), which was decided after the district court's summary judgment order here. We note that Vinzant received continuous medical care and Dr. Fernandez's prescription was for non-emergency treatment. The short claimed delay in providing the physical therapy appointment, which Vinzant declined to attend, did not violate clearly established law. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (noting that for a defendant to violate a clearly established right, "the right's contours [must have been] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"). The officers are entitled to qualified immunity on Vinzant's deliberate indifference claim, and summary judgment should be entered for them.

Vinzant cross-appeals the district court's ruling on the scope of this court's

3

mandate in *Vinzant v. United States* (*Vinzant I*), 584 F. App'x 601 (9th Cir. 2014). The district court appropriately understood the mandate to confine Vinzant's claim to the post-prescription period. In *Vinzant I*, we reversed only the district court's conclusion that Vinzant had waived his post-prescription deliberate indifference claim. *Id.* at 602. We decline to revisit the mandate, as *Vinzant I* is not "clearly erroneous [such that] its enforcement would work a manifest injustice." *See Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995). We reject the cross-appeal and affirm the district court's determination with respect to this ruling.

**AFFIRMED IN PART, REVERSED IN PART.**

Each party shall pay its own costs on appeal.

4