Filed 2/4/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHANNA RUCKER, | B307964 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC722435) |
| v. | |
| WINCAL, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge. Affirmed.

James S. Link; DAG Law Firm and Daniel Andrew Gibalevich for Plaintiff and Appellant.

Schumann Rosenberg & Arevalo, Eric Arevalo, Jeffrey P. Cunningham and David P. Reid for Defendant and Respondent.

# I.  INTRODUCTION

As part of her training for a half-marathon, plaintiff Shanna Rucker was jogging on property owned by WINCAL LLC (owner) when she encountered a homeless encampment that blocked her path.  To avoid the encampment, she ran onto the street's bicycle lane, where she was struck and injured by a car.  Plaintiff sued owner for negligence and premises liability.  The trial court granted owner's motion for summary judgment, concluding, among other things, that because plaintiff was engaged in a recreational use of the property within the meaning of Civil Code section 846, subdivision (a),[1] owner did not owe her a duty of care.

We affirm.  Jogging to train for a foot race is an activity in which one engages for a "recreational purpose" under section 846; and a property owner generally owes no duty of care to those who enter or use its property for such an activity.

---

[1]     All further statutory references are to the Civil Code.

## II. BACKGROUND

### A.    *The Incident*[2]

At around midnight on November 9, 2016, plaintiff, as part of her preparation for a half-marathon, went for a six-mile jog. Plaintiff's planned route began and ended at her home and passed through the west side of Winnetka Avenue and onto owner's property. Plaintiff was familiar with the area because she had jogged through it three or four months prior to the incident and also drove through it one week earlier.

As she jogged through owner's property, plaintiff noticed that her path was blocked by a homeless encampment, which caused her to deviate onto the bicycle lane on the street. She planned to be in the bicycle lane only long enough to pass by the encampment, but was struck by a car and thrown more than 30 feet. She sustained serious injuries.

### B.    *Complaint*

Plaintiff filed a complaint, naming owner as one of the defendants. In her second cause of action, plaintiff alleged that owner negligently managed, maintained, controlled, and inspected its property. In her third cause of action, she alleged

---

[2]    Because this is an appeal from a trial court's grant of summary judgment, we liberally construe the opposing party's evidence and strictly scrutinize that of the moving party, resolving evidentiary doubts or ambiguities in the opposing party's favor. (*Patterson v. Domino's Pizza, LLC* (2014) 60 Cal.4th 474, 499–500 (*Patterson*).) Viewed in that light, the following are the relevant facts.

that owner knew, or should have known, that its premises were in a dangerous, defective, and unsafe condition due to the homeless encampment and failed to take measures necessary to cure those conditions or to warn plaintiff about them. For both causes of action, plaintiff alleged that she was directly and proximately injured by owner's negligence.

C.    *Summary Judgment*

Owner moved for summary judgment, arguing, among other things, that pursuant to section 846, subdivision (a), it did not owe plaintiff, who entered owner's property for a recreational purpose, a duty of care. Owner also argued that it did not owe a duty to plaintiff because any danger posed by the homeless encampment was open and obvious.

Plaintiff opposed the motion, contending that section 846, subdivision (a) did not apply to jogging. She noted that "'[j]ogging is not included in the list of activities for recreational use in [section] 846[, subdivision (b)] nor is running."[3] Citing *Gerkin v. Santa Clara Valley Water Dist.* (1979) 95 Cal.App.3d 1022 (*Gerkin*),[4] plaintiff argued that "it must . . . be a question for the jury whether 'jogging' on the pathway on [owner's] property is considered 'hiking' for purposes of [section] 846."

---

[3]    As we discuss further below, section 846, subdivision (b) specifically lists "hiking" as an activity with a "'recreational purpose.'"

[4]    Disapproved on other grounds in *Delta Farms Reclamation Dist. v. Superior Court* (1983) 33 Cal.3d 699, 707.

Plaintiff also argued that even if the open and obvious nature of the danger posed by a homeless encampment negated a duty to warn against the danger, it did not necessarily negate a duty to remedy the danger, which was also a question of fact for the jury.

The trial court conducted a hearing on the summary judgment motion and granted it. The court concluded that owner had met its burden of showing that "[p]laintiff's jogging was for a recreational purpose. 'Hiking,' as used within the recreational use statute, does not include merely 'walking,' but rather 'to take a long walk for pleasure or exercise.' ([*Gerkin, supra,*] 95 Cal.App.3d [at p.] 1027 . . . .) The Court in [*Gerkin*] relied on a Webster's dictionary to determine the definition of hiking. ([*Ibid.*]) Webster's defines 'jog' as 'to run or ride at a slow trot' or 'to go at a slow, leisurely, or monotonous pace.' It necessarily follows that [p]laintiff's jogging was a leisurely run, which falls within the recreational use statute when that statute is construed broadly pursuant to [*Wang v. Nibbelink* (2016) 4 Cal.App.5th 1, 29 (*Wang*)]. As such, the burden shifts to [p]laintiff.

"Plaintiff has not met her burden. Plaintiff merely argues that 'jogging' is not within the list of recreational activities in . . . section 846, subdivision (b) and it is a question of fact for the jury to determine if [p]laintiff's jogging was 'hiking' as used within the statute. . . . [T]his list is non-exhaustive and is to be construed broadly. Jogging is more akin to hiking as it is movement that has a leisurely component to it, unlike merely walking. Accordingly, summary judgment is properly granted on this ground."

The trial court also concluded that the homeless encampment was an open and obvious danger such that owner owed plaintiff no duty to warn about or remedy it.

Following its order granting owner's motion, the trial court entered judgment and plaintiff timely appealed.

## III.  DISCUSSION

A.    *Legal Principles*

1.    <u>Section 846</u>

Section 846, subdivision (a) provides that an owner of real property, with certain exceptions not applicable here, "owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose . . . ."  Further, subdivision (b) provides that "[a] 'recreational purpose,' as used in this section, includes activities such as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, hang gliding, private noncommercial aviation activities, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites."

"We review questions of statutory interpretation de novo." (*Christensen v. Lightbourne* (2019) 7 Cal.5th 761, 771.)  The list of activities set forth in section 846 is not "exhaustive; nor indeed

6

would the plain language of the statute support such a claim.[ ] The statutory definition of 'recreational purpose' begins with the word 'includes,' ordinarily a term of enlargement rather than limitation." (*Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1100–1101 (*Ornelas*).)  Thus, courts have applied section 846 to activities that are not explicitly listed.  (See, e.g., *Wang*, *supra*, 4 Cal.App.5th at pp. 29–30 [horse wagon train for historical simulation]; *Jackson v. Pacific Gas & Elec. Co.* (2001) 94 Cal.App.4th 1110, 1114 [kite flying]; *Valladares v. Stone* (1990) 218 Cal.App.3d 362, 369 (*Valladares*), abrogated on other grounds in *Ornelas*, *supra*, 4 Cal.4th at pp. 1108–1109 [tree climbing].)  The above activities fall within the definition of a "recreational purpose" because they are "intended to refresh the body or mind by diversion, amusement or play."  (*Valladares*, *supra*, 218 Cal.App.3d at p. 369.)

"Generally, whether one has entered property for a recreational purpose within the meaning of the statute is a question of fact, to be determined through a consideration of the 'totality of the facts and circumstances, including . . . the prior use of the land.  While the plaintiff's subjective intent will not be controlling, it is relevant to show purpose.' [Citation.]" (*Ornelas*, *supra*, 4 Cal.4th at p. 1102.)  Where, however, material facts are not in dispute, whether one entered the property for a recreational purpose may be decided as a matter of law in a summary judgment proceeding.  (*Ibid.*)

2.    Summary Judgment

The standard of review for summary judgment is well settled.  "[T]he party moving for summary judgment bears an

initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact . . . . A prima facie showing is one that is sufficient to support the position of the party in question." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850–851, fns. omitted.)

"In reviewing a grant of summary judgment, we independently evaluate the record, liberally construing the evidence supporting the party opposing the motion, and resolving any doubts in his or her favor. [Citation.] As the moving party, the defendant must show that the plaintiff has not established, and reasonably cannot be expected to establish, one or more elements of the cause of action in question." (*Patterson, supra*, 60 Cal.4th at pp. 499–500.)

B.    *Analysis*

Here, the trial court granted summary judgment based, in part, on its conclusion that owner did not owe plaintiff a duty of care pursuant to section 846 because plaintiff, who was jogging as part of her half-marathon training, entered owner's property for a recreational purpose.

Plaintiff contends that the trial court "wrongly inserted 'jogging' into section 846." To the extent plaintiff suggests that "jogging" is not an activity with a recreational purpose because it is not specifically enumerated in section 846, subdivision (b), her suggestion is plainly without merit, as section 846, subdivision

8

(b) is an illustrative, not exhaustive, list. (*Ornelas, supra*, 4 Cal.4th at pp. 1100–1101.)

Plaintiff also asserts that the trial court erred when it "expanded" hiking to include jogging because "'[o]bviously, "hiking" was intended to denote more than just traveling on foot.' ([*Gerkin, supra*, 95 Cal.App.3d at p.] 1027.)" We disagree with that assertion. The court concluded that jogging was *akin* to hiking, not that hiking *included* jogging. Even if the mere act of jogging, a form of movement by foot, were insufficient to demonstrate a "recreational purpose" (see *ibid.*), it was undisputed here that plaintiff was jogging as part of her training for a half-marathon. She was not, for instance, jogging because she was late for work, an activity that would not fall within the statutory definition of "recreational purpose." Rather, she was engaged in an activity for "pleasure or exercise" (*ibid.*) "intended to refresh the body or mind by diversion, amusement or play" (*Valladares, supra*, 218 Cal.App.3d at p. 369). Because the undisputed evidence showed that plaintiff entered owner's property for a recreational purpose, owner met its burden of showing that it owed her no duty of care pursuant to section 846; and plaintiff failed to demonstrate a triable issue of material fact as to her negligence and premises liability claims. The trial court therefore did not err by granting summary judgment in favor of owner.[5]

---

[5] Because summary judgment is appropriate based on section 846, we need not address the parties' arguments concerning whether the homeless encampment was an open and obvious danger such that owner owed plaintiff no duty of care.

## IV.  DISPOSITION

The summary judgment is affirmed.  Defendant WINCAL LLC is entitled to recover costs on appeal.

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.